IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-01101-M-RJ

| | |
|---|---|
| MUAMMER SALEH, TAREQ ALSAEDE, HUBERT TOBACCO INC, and 53 MINI MART & TOBACCO 2 LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>CHRISTOPHER THOMAS, officially, as the Sheriff of Onslow County and in his individual Capacity; JOHN DOE SURETY, as surety for the Sheriff of Onslow County; Lt. JAY FLOYD in his individual and official capacity; and Sgt. RUBIN JIMENEZ in his individual and official capacity,<br><br>        Defendants. | **ANSWER OF DEFENDANTS CHRISTOPHER THOMAS, JAY FLOYD, AND RUBIN JIMENEZ** |

NOW COME Defendants Christopher Thomas, in his official capacity as the Sheriff of Onslow County and in his individual capacity, Lieutenant Jay Floyd, in his individual and official capacities; and Sergeant Rubin Jimenez, in his individual and official capacities ("these Defendants"), by and through undersigned counsel, and hereby respond to the correspondingly numbered allegations set forth in Plaintiffs' Complaint as follows:

**NATURE OF THE CASE**

1.      Admitted upon information and belief.

2.      These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 2, and the same are consequently denied.

3.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 3, and the same are consequently denied.

4.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 4, and the same are consequently denied.

5.     Admitted.

6.     These Defendants admit that the statutory language of N.C. Gen. Stat. §§ 90-87(13a)-(13b) and 90-94(b)(2) speaks for itself. Any remaining allegations are denied.

7.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 7, and the same are consequently denied.

8.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 8, and the same are consequently denied.

9.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 9, and the same are consequently denied.

10.     Denied.

11.     These Defendants admit that, for safety purposes, officers conducting the lawful searches wore vests and had guns drawn and that, once the areas were secure, officers holstered their guns. These Defendants deny that the photograph on page 3 of the Complaint is a photograph of Hubert Tobacco or 53 Mini Mart & Tobacco. Further, these Defendants deny

2

that any of the named defendants or any officers of the Onslow County Sheriff's Office disabled the surveillance cameras at the convenience store shown in the photograph on page 3 of the Complaint or searched the convenience store shown in the photograph on page 3 of the Complaint. Except as admitted, denied.

12.     These Defendants admit that deputies from the Onslow County Sheriff's Office who conducted lawful searches on April 3, 2024 pursuant to court-authorized warrants were not issued body cameras and therefore did not wear body cameras during these searches. These Defendants further admit that, for safety purposes, Onslow County Sheriff's Office deputies turned off the surveillance cameras in the stores searched. Except as admitted, denied.

13.      Denied. These Defendants specifically deny that the photograph on page 4 of the Complaint is a photograph of Hubert Tobacco or 53 Mini Mart & Tobacco and further deny that any of the named defendants or any officers of the Onslow County Sheriff's Office disabled the surveillance cameras at the convenience store shown in the photograph on page 4 of the Complaint or searched the convenience store shown in the photograph on page 4 of the Complaint.

14.     These Defendants admit that, at certain stores, including Hubert Tobacco and 53 Mini Mart & Tobacco, officers attempted to locate keys to safes, and if no keys were found, officers entered the safes to seize cash that they reasonably believed to be assets of illegal drug trades. Any remaining allegations are denied.

15.     Admitted.

16.     These Defendants deny any allegation that Plaintiffs were operating "lawful businesses" and deny that Lt. Floyd made the alleged statement in Paragraph 16 in the context

3

in which Paragraph 16 alleges that the statement was made. Any remaining allegations are denied.

17.     These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 17 in the context in which Paragraph 17 alleges that the statement was made. Any remaining allegations are denied.

18.     These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 18 in the context in which Paragraph 18 alleges that the statement was made. Any remaining allegations are denied.

19.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.

20.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.

21.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.

22.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

23.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself.  To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.  Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

24.     Denied.

25.     These Defendants deny that they engaged in any illegal or unconstitutional conduct. Further, these Defendants deny that Plaintiffs are entitled to any form of relief, including, but not limited to, damages and permanent injunctive relief.  Any remaining allegations are denied.

## JURISDICTION

26.     These Defendants admit that, based on the nature of the claims alleged, this Court has subject-matter jurisdiction.  These Defendants deny that they engaged in any conduct that deprived Plaintiffs of rights guaranteed by the United States Constitution or North Carolina laws.  Any remaining allegations are denied.

27.     These Defendants admit that a federal court may invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over North Carolina state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to federally based claims and causes of action.

## VENUE

28.     Admitted.

## PARTIES

29.     These Defendants admit that Plaintiffs' Complaint purports to sue Sheriff Thomas in both his official and individual capacities.  These Defendants deny that Sheriff Thomas is liable in any way in either capacity.

5

30.     Denied.

31.     These Defendants admit that, at all relevant times, The Ohio Casualty Insurance Company, served as the surety for the Sheriff of Onslow County, and that the language in N.C. Gen. Stat. §§ 58-76-5 and 162-8 speaks for itself.   These Defendants admit that the purchase of a surety bond waives immunity for Sheriff Thomas or his officers but only to the extent of the amount of the bond.  These Defendants further deny that the purchase of a surety bond has any bearing on whether a defendant is entitled to qualified immunity.

32.     Admitted.

33.     Admitted.

34.     Denied.

35.     Admitted upon information and belief.

36.     Admitted upon information and belief.

37.     Denied as stated.  Specifically, these Defendants deny that Plaintiff 53 Mini Mart & Tobacco 2 LLC is a corporation doing business in Onslow County.  According to the North Carolina Secretary of State, 53 Mini Mart & Tobacco LLC is a limited liability company, not a corporation.

## FACTUAL ALLEGATIONS

**Plaintiff Tareq Alsaede**

38.     Admitted upon information and belief.

39.     These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 39, and the same are consequently denied.

6

40. These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 40, and the same are consequently denied.

41. These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 41, and the same are consequently denied.

42. Admitted.

43. To the extent that the allegations in Paragraph 43 refer to the lawful search of 53 Mini Mart & Tobacco 2 LLC, such allegations are denied.

44. Denied.

45. These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.

46. These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

47. These Defendants admit that on November 8, 2024, the Onslow County Sheriff's Office charged Plaintiff Tareq Alsaede with possession of a controlled substance with the intent to manufacture, sell, or deliver; felony possession of marijuana; conspiracy to sell or deliver marijuana; maintaining a dwelling or place for the purpose of storing or selling a

7

controlled substance; selling marijuana; and delivering marijuana. Any remaining allegations are denied.

**Plaintiff Muammer Saleh**

48. Denied.

49. These Defendants admit that, on November 8, 2024, at some point on or after 9:00 A.M., Onslow County Sheriff's Office deputies arrived at Plaintiff Muammer Saleh's residence located at 466 Hubert Boulevard, Hubert, North Carolina 28539. Additionally, these Defendants admit that, prior to arriving at Mr. Saleh's residence, Onslow County Sheriff's Office deputies spoke with the store clerk at Hubert Tobacco, the vape shop across the street from 466 Hubert Boulevard, Hubert, North Carolina 28539; that Onslow County Sheriff's Office deputies showed the store clerk a photograph of the individual for whom they had a warrant for arrest; and that the store clerk stated that the individual in the photograph was not at work that day but was across the street at 466 Hubert Boulevard, Hubert, North Carolina 28539. These Defendants further admit that, following the representations from the store clerk, Onslow County Sheriff's Office deputies drove across the street to 466 Hubert Boulevard, Hubert, North Carolina 28539 and encountered Plaintiff Muammer Saleh.

50. These Defendants admit that Sgt. Jimenez was the ranking officer on duty on at Plaintiff Muammer Saleh's residence on November 8, 2024. To the extent that the allegations in Paragraph 50 are intended to imply that Sgt. Jimenez directed lower ranking officers to engage in unlawful or unconstitutional conduct or that Sgt. Jimenez engaged in unlawful or unconstitutional conduct, such allegations are denied. Further, to the extent that the allegations in Paragraph 50 are intended to imply that Sgt. Jimenez supervised lower ranking officers who

8

engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, denied.

51. These Defendants admit that Onslow County Sheriff's Office deputies had warrants for and photographs of individuals who they reasonably believed they intended to arrest for the sale of illegal products. Any remaining allegations are denied.

52. These Defendants admit that they did not have a photograph of Plaintiff Muammer Saleh or warrant for his arrest. Notwithstanding, these Defendants admit that Onslow County Sheriff's Office had a photograph of Fawaz Ali Mohammed Saleh, who officers had probable cause to arrest, and who, upon later information and belief, resided at the same residence as Plaintiff Muammer Saleh and is Plaintiff Muammer Saleh's brother. These Defendants admit that when the Onslow County Sheriff's Office deputies arrived at the residence, an unknown individual opened the door, and officers told this unknown individual that they were looking for Fawaz Ali Mohammed Saleh. These Defendants further admit that deputies asked the unknown individual to produce Fawaz Ali Mohammed Saleh and showed the unknown individual the photograph of Fawaz Ali Mohammed Saleh. These Defendants further admit that the unknown individual went inside the residence and returned with Plaintiff Muammer Saleh, who officers reasonably believed was Fawaz Ali Mohammed Saleh who they had probable cause to arrest.

53. These Defendants admit that when Plaintiff Muammer Saleh appeared, Plaintiff Muammer Saleh was wearing a towel and boxer shorts. Any remaining allegations are denied.

54. Denied.

9

55. These Defendants admit that Onslow County Sheriff's Office deputies asked Plaintiff Muammer Saleh if he had an identification card or driver's license.

56. These Defendants admit that Plaintiff Muammer Saleh provided the deputies with his driver's license.

57. Denied.

58. These Defendants admit that Plaintiff Muammer Saleh was handcuffed for approximately three (3) minutes while officers reviewed Plaintiff Muammer Saleh's driver's license while Plaintiff Muammer Saleh got dressed. Any remaining allegations are denied.

59. Admitted upon information and belief.

**53 Mini Mart & Tobacco**

60. Admitted upon information and belief.

61. Admitted.

62. These Defendants admit that, on April 3, 2024, Onslow County Sheriff's Office deputies lawfully searched 53 Mini Mart & Tobacco pursuant to a court-authorized search warrant. These Defendants further admit that Onslow County Sheriff's Office deputies lawfully seized products and currency from 53 Mini Mart & Tobacco that deputies reasonably believed to be assets of illegal drug trades. To the extent that the allegations in Paragraph 62 are intended to imply that Sheriff Thomas and Lt. Floyd engaged in unlawful or unconstitutional conduct, such allegations are denied.

63. Denied.

64. Denied.

10

65.     These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 65 in the context in which Paragraph 65 alleges that the statement was made.  Any remaining allegations are denied.

66.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself.  To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.  Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

67.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself.  To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.  Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

68.     Denied for lack of information and belief.

69.     These Defendants admit that the Onslow County Sheriff's Office turned over to the clerk of court an inventory of all items seized as a result of the lawful searches on April 3, 2024, as well as copies of the test results proving that such products were illegal.  These Defendants further admit that the illegal items seized and the test results proving that such products were illegal are currently in the lawful custody of the Onslow County Sheriff's Office and are being held as evidence in pending criminal cases.  To the extent that the allegations in Paragraph 69 are intended to imply that these Defendants failed to return lawful products to 53 Mini Mart & Tobacco or that these Defendants had a duty to produce the test results to any individual or entity besides the clerk of court and failed to do so, such allegations are denied.

11

**Plaintiff Hubert Tobacco**

70.     Admitted upon information and belief.

71.     Admitted.

72.     These Defendants admit that, on April 3, 2024, Onslow County Sheriff's Office deputies lawfully searched Hubert Tobacco pursuant to court-authorized warrant.  To the extent that the allegations in Paragraph 72 are intended to imply that Sheriff Thomas and Lt. Floyd engaged in unlawful or unconstitutional conduct, such allegations are denied.

73.     Denied.

74.     Denied.

75.     These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 75 in the context in which Paragraph 75 alleges that the statement was made.  Any remaining allegations are denied.

76.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself.  To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.  Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

77.     These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself.  To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied.  Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

78.     Denied for lack of information and belief.

79.     These Defendants admit that the Onslow County Sheriff's Office turned over to the clerk of court an inventory of all items seized as a result of the lawful searches on April 3, 2024, as well as copies of the test results proving that such products were illegal.  These Defendants further admit that the illegal items seized and the test results proving that such products were illegal are currently in the lawful custody of the Onslow County Sheriff's Office and are being held as evidence in pending criminal cases.  To the extent that the allegations in Paragraph 79 are intended to imply that these Defendants failed to return lawful products to Hubert Tobacco or that these Defendants had a duty to produce the test results to any individual or entity besides the clerk of court and failed to do so, such allegations are denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Illegal Seizure in Violation of the Fourth Amendment under 42 U.S.C. § 1983

80.     These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-79 of the Complaint.

81.      These Defendants admit that Plaintiffs' Complaint purports to state a claim by Plaintiff Muammer Saleh against Sgt. Jimenez but deny that Sgt. Jimenez is liable for any claim alleged against him.

82.     These Defendants admit that Plaintiffs' Complaint purports state a claim by Plaintiff Muammer Saleh against Sgt. Jimenez in his individual capacity but deny that Sgt. Jimenez is liable for any claim alleged against him.

83.     These Defendants admit that Plaintiffs' Complaint purports state a claim by Plaintiff Muammer Saleh against Sgt. Jimenez for violation of Mr. Saleh's constitutional rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983 but deny that Sgt. Jimenez is liable for any claim alleged against him.

13

84.     These Defendants admit that, on November 8, 2024, at some point on or after 9:00 A.M., Onslow County Sheriff's Office deputies arrived at Plaintiff Muammer Saleh's residence located at 466 Hubert Boulevard, Hubert, North Carolina 28539. Additionally, these Defendants admit that, prior to arriving at Mr. Saleh's residence, Onslow County Sheriff's Office deputies spoke with the store clerk at Hubert Tobacco, the vape shop across the street from 466 Hubert Boulevard, Hubert, North Carolina 28539; that Onslow County Sheriff's Office deputies showed the store clerk a photograph of the individual for whom they had a warrant for arrest; and that the store clerk stated that the individual in the photograph was not at work that day but was across the street at 466 Hubert Boulevard, Hubert, North Carolina 28539. These Defendants further admit that, following the representations from the store clerk, Onslow County Sheriff's Office deputies drove across the street to 466 Hubert Boulevard, Hubert, North Carolina 28539 and encountered Plaintiff Muammer Saleh.

85.     These Defendants admit that Sgt. Jimenez was the ranking officer on duty at Plaintiff Muammer Saleh's residence on November 8, 2024. To the extent that the allegations in Paragraph 85 are intended to imply that Sgt. Jimenez directed lower ranking officers to engage in unlawful or unconstitutional conduct or that Sgt. Jimenez acted engaged in unlawful or unconstitutional conduct, such allegations are denied. Further, to the extent that the allegations in Paragraph 85 are intended to imply that Sgt. Jimenez supervised lower ranking officers who engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, the allegations of Paragraph 85 denied.

86.     These Defendants admit that Onslow County Sheriff's Office deputies had warrants for and photographs of individuals who they reasonably believed they intended to arrest for the sale of illegal products. Any remaining allegations are denied.

14

87.     These Defendants admit that they did not have a photograph of Plaintiff Muammer Saleh or warrant for his arrest.  Notwithstanding, these Defendants admit that the Onslow County Sheriff's Office had a photograph of Fawaz Ali Mohammed Saleh, who officers had probable cause to arrest, and who, upon later information and belief, resided at the same residence as Plaintiff Muammer Saleh and is Plaintiff Muammer Saleh's brother.  These Defendants admit that when the Onslow County Sheriff's Office deputies arrived at the residence, an unknown individual opened the door, and officers told this unknown individual that they were looking for Fawaz Ali Mohammed Saleh. These Defendants further admit that officers asked the unknown individual to produce Fawaz Ali Mohammed Saleh and showed the unknown individual the photograph of Fawaz Ali Mohammed Saleh.  These Defendants further admit that the unknown individual went inside the residence and returned with Plaintiff Muammer Saleh, who officers reasonably believed was Fawaz Ali Mohammed Saleh, who they had probable cause to arrest.

88.     These Defendants admit that, based on the information presented to the Onslow County Sheriff's Office deputies at Mr. Saleh's residence on November 8, 2024, Onslow County Sheriff's Office deputies reasonably believed that Plaintiff Muammer Saleh was an individual for whom they had a photograph of and warrant for arrest.  To the extent that the allegations in Paragraph 88 are intended to imply that Onslow County Sheriff's Office deputies knew or had reason to know that Plaintiff Muammer Saleh was not the individual for whom they had a photograph of and warrant for arrest, such allegations are denied.

89.     Denied.

90.     Denied.

91.    These Defendants admit that officers asked Plaintiff Muammer Saleh if he had an identification card or driver's license.

92.    These Defendants admit that Plaintiff Muammer Saleh provided the officers with his driver's license.

93.    Denied.

94.    These Defendants admit that Plaintiff Muammer Saleh was handcuffed was handcuffed for approximately three (3) minutes while officers reviewed Plaintiff Muammer Saleh's driver's license while Plaintiff Muammer Saleh got dressed and that officers left Plaintiff Muammer Saleh's residence shortly thereafter.

95.    Admitted upon information and belief.

96.    Denied.

**SECOND CLAIM FOR RELIEF**
**Violation of Art. I §§ 1 and 19 of the North Carolina Constitution**
**("Fruits of Their Own Labor")**

97.    These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-96 of the Complaint.

98.    These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief by Plaintiffs 53 Mini Mart & Tobacco, Hubert Tobacco, and Tareq Alsaede against Sheriff Thomas and Lt. Floyd in their respective official and individual capacities, but these Defendants deny that Sheriff Thomas and Lt. Floyd are liable for such claim.

99.    These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief against Sheriff Thomas for the acts of the employees and officers of the Onslow County Sheriff's Officer, but these Defendants deny that Sheriff Thomas or any employee or officer of the Onslow County Sheriff's Office is liable for such claim.

16

100. Denied.

101. These Defendants admit that the language of Sections 1 and 19 of the North Carolina Constitution speaks for itself. Any remaining allegations are denied.

102. These Defendants admit that the language of Sections 1 and 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 424, 904 S.E.2d 720, 726 (2024) speaks for itself. Any remaining allegations are denied.

103. These Defendants admit that the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 424, 904 S.E.2d 720, 726 (2024) speaks for itself. Any remaining allegations are denied.

104. Denied.

105. Denied.

106. These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 106, and the same are consequently denied.

107. These Defendants admit that on April 3, 2024, deputies from the Onslow County Sheriff's Office lawfully searched 53 Mini Mart & Tobacco and Hubert Tobacco pursuant to court-authorized warrants. Any remaining allegations are denied.

108. Denied.

109. These Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 109, and the same are consequently denied. These Defendants expressly deny that they engaged in any kind of unlawful or discriminatory conduct. Notwithstanding, these Defendants admit that Goode

17

Hemp is located in the city of Jacksonville, North Carolina and is therefore within the principal jurisdiction of a different agency.

110. These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 110 in the context in which Paragraph 110 alleges that the statement was made. Any remaining allegations are denied.

111. These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 111 in the context in which Paragraph 111 alleges that the statement was made. Any remaining allegations are denied.

112. These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 112 in the context in which Paragraph 112 alleges that the statement was made. Any remaining allegations are denied.

113. These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

114. These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

115. These Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that these

Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

116. Denied for lack of information and belief.

117. These Defendants admit that the Onslow County Sheriff's Office turned over to the clerk of court an inventory of all items seized as a result of the lawful searches on April 3, 2024, as well as copies of the test results proving that such products were illegal. These Defendants further admit that the illegal items seized and the test results proving that such products were illegal are currently in the lawful custody of the Onslow County Sheriff's Office and are being held as evidence in pending criminal cases. To the extent that the allegations in hut Plaintiffs or that these Defendants had a duty to produce the test results to any individual or entity besides the clerk of court and failed to do so, such allegations are denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

### THIRD CLAIM FOR RELIEF
### Violation of Art. I § 19 of the North Carolina Constitution
### ("Selective Enforcement")

122. These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-121 of the Complaint.

123. These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief by Plaintiffs 53 Mini Mart & Tobacco, Hubert Tobacco, and Tareq Alsaede against

Sheriff Thomas and Lt. Floyd in their respective official and individual capacities, but these Defendants deny that Sheriff Thomas and Lt. Floyd are liable for such claim.

124.     These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief against Sheriff Thomas for the acts of the employees and deputies of the Onslow County Sheriff's Officer, but these Defendants deny that Sheriff Thomas or any employee or deputy of the Onslow County Sheriff's Office is liable for such claim.

125.     Denied.

126.     These Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself.  Any remaining allegations are denied.

127.     These Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself.  Any remaining allegations are denied.

128.     These Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself.  Any remaining allegations are denied.

129.     Denied, including all subparts (a) through (b).

130.     Denied.

131.     Denied.

132.     Denied.

20

133.    Denied.

## FOURTH CLAIM FOR RELIEF
### Common Law Negligence

134.    These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-133 of the Complaint.

135.    These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief by Plaintiffs 53 Mini Mart & Tobacco, Hubert Tobacco, Muammer Saleh, and Tareq Alsaede against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in their respective official and individual capacities, but these Defendants deny that they are liable for such claim.

136.    Denied.

137.    These Defendants admit that Sheriff Thomas, through his officers, had duties imposed by the laws of the State of North Carolina and the laws of the United States.  At all times, Sheriff Thomas, through his officers, complied with all applicable laws of the State of North Carolina and the laws of the United States.  Any remaining allegations are denied.

138.    Denied, including subparts (a) through (d).

139.    Denied.

140.    Denied.

141.    These Defendants admit that, at all relevant times, they acted in the course and scope of their employment.  These Defendants deny that they are liable for the acts or omissions alleged in Plaintiffs' Complaint.

142.    Denied.

21

## FIFTH CLAIM FOR RELIEF
## Injunctive Relief Against Onslow County Sheriff Chris Thomas

143.     These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-142 of the Complaint.

144.     These Defendants admit that Plaintiffs' Complaint purports to state this claim for permanent injunctive relief by all Plaintiffs against Sheriff Thomas in his official capacity, but these Defendants deny that Plaintiffs are entitled to permanent injunctive relief.

145.     Denied.

146.     Denied.

147.     These Defendants admit that gas chromatography is used to test hemp product. Any remaining allegations are denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     These Defendants deny that Lt. Floyd made the alleged statement in Paragraph 155 in the context in which Paragraph 155 alleges that the statement was made. Any remaining allegations are denied.

156.     Denied.

157.     Denied, including all subparts (a) through (c).

158.     Denied.

22

## SIXTH CLAIM FOR RELIEF
### *Respondeat Superior*

159.    These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-158 of the Complaint.

160.    These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief by Plaintiffs against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in their respective official capacities, but these Defendants deny that *respondeat superior* is a claim for relief or that they are liable under the theory of *respondeat superior*.

161.    These Defendants admit that, at all relevant times, they were employees of the Onslow County Sheriff's Office acting within the scope of their employment.  Any remaining allegations are denied.

162.    Denied.

163.    Denied.

## SEVENTH CLAIM FOR RELIEF
### Indemnification

164.    These Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-163 of the Complaint.

165.    These Defendants admit that Plaintiffs' Complaint purports to state this claim for relief by Plaintiffs against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in their respective official and individual capacities, but these Defendants deny that indemnification is a claim for relief or that they are liable for the same.

166.    Denied.

167.    These Defendants admit that, at all relevant times, they were employees of the Onslow County Sheriff's Office acting within the scope of their employment.  Any remaining allegations are denied.

## PRAYER FOR RELIEF

These Defendants deny that Plaintiffs are entitled to judgment in their favor or any form of relief whatsoever, including the relief requested in subparagraphs (A) through (E).

## JURY DEMAND

These Defendants admit that Plaintiffs' Complaint demands a trial by jury on all issues so triable in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rules 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

These Defendants plead all immunities to which they are respectively entitled, including, but not limited to, governmental immunity and/or sovereign immunity, public officer's immunity, and qualified immunity as affirmative defenses. These immunities, and all other applicable immunities, are pled affirmatively in bar of Plaintiffs' claims.

## THIRD AFFIRMATIVE DEFENSE

These Defendants did not breach any duty owed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the matters set forth in the Complaint, these Defendants, individually and collectively, acted reasonably, lawfully, in good faith, and pursuant to lawful motives, and complied with all pertinent statutory and regulatory regulations and laws, all of which are pled as a complete defense to the Plaintiffs' claims in this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries did not proximately result from any action or inaction on the part of these Defendants, individually or collectively, or from any Onslow County Sheriff's Office deputy, any improper action or inaction on the part of these Defendants being denied, such that Plaintiffs' claims against these Defendants fail as a matter of law. Such lack of proximate cause is pled in bar of Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants plead the deliberate acts, and or the contributory negligence, or the gross contributory negligence, of Plaintiffs as a complete bar to Plaintiffs' claims.

## SEVENTH AFFIRMATIVE DEFENSE

If these Defendants, individually or collectively, were in any way or matter negligent, which is again denied, then these Defendants allege that any negligence on their part, either individually or collectively, was passive and secondary to the active and primary negligence of others, and/or other third-parties, and that such active and primary negligence was the proximate cause of any alleged injuries sustained by Plaintiffs. These Defendants further aver and contend that the active and superseding negligence on the part of others, insulated any negligence, if any, on the part of these Defendants, and said intervening, superseding negligence is pled in bar of any claim for relief against these Defendants and each of them in this action.

25

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred as a matter of law, as punitive damages are not recoverable under the events and circumstances alleged in the Complaint and would violate the United States Constitution and the North Carolina Constitution.  Further, punitive damages, as a matter of law, may not be recovered from public officials sued in their official capacities.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries did not proximately result from any policy, practice, procedure or custom of the Sheriff of Onslow County.

## TENTH AFFIRMATIVE DEFENSE

These Defendants plead all applicable statutes of limitation and statutes of repose in bar of Plaintiffs' claims.

## ELEVENTH AFFIRMATIVE DEFENSE

These Defendants were not deliberately indifferent to the rights of Plaintiffs, and Plaintiffs' claims therefore fail as a matter of law.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs' claims asserted pursuant to or under the North Carolina Constitution fail as a matter of law as Plaintiffs have available adequate remedies at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

As the Supreme Court has repeatedly held, negligence is not sufficient to establish a claim pursuant to 42 U.S.C. § 1983.  *See e.g.*, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Cooley v. Health Auth. Yates*, Case No. 7:19CV00589, 2019 WL 5207905, at *2 (W.D. Va. Oct. 16, 2019) ("[A]n official's merely

negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983.").

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants did not engage in, promote, or further any policy or practice which deprived Plaintiffs of rights secured by the United States Constitution or laws of this land.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that these Defendants have not specifically addressed an allegation in the Complaint, it is denied that Plaintiffs are entitled to any relief against these Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against these Defendants based upon the theory of respondeat superior are barred and fail as a matter of law, because respondeat superior is inapplicable in Section 1983 suits. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999).

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times, these Defendants acted pursuant to a court-authorized warrant and probable cause existed for the issuance of such warrant(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to assert such other affirmative defenses as may become available during this litigation.

WHEREFORE, having fully answered Plaintiffs' Complaint, these Defendants respectfully submit that Plaintiffs have and recover nothing; that this matter be dismissed with prejudice; that all triable issues be tried by a jury; and that the Court order such other relief as it deems just, equitable, and proper.

Respectfully submitted, this the 9th day of April, 2025.

/s/ *Erin H. Epley*
Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6624
E-mail: Erin.Epley@wbd-us.com
*Attorney for Defendants Sheriff Christopher Thomas, Lieutenant Jay Floyd, and Sergeant Rubin Jimenez*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing **ANSWER OF DEFENDANTS CHRISTOPHER THOMAS, JAY FLOYD, AND RUBIN JIMENEZ** with the Clerk of Court using the CM/ECF system, which will send notification to all Counsel of record.

/s/ *Erin H. Epley*
Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6624
E-mail: Erin.Epley@wbd-us.com
*Attorney for Defendants Sheriff Christopher Thomas, Lieutenant Jay Floyd, and Sergeant Rubin Jimenez*