| | |
|---|---|
| SHELLY CHAMBERS, Administrator of the Estate of MUAMMER SALEH and HUBERT TOBACCO INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER THOMAS, officially, as the Sheriff of Onslow County and in his individual capacity; THE OHIO CASUALTY INSURANCE COMPANY as surety for the Sheriff of Onslow County; LT. JAY FLOYD in his individual and official capacity; and SGT. RUBIN JIMENEZ in his individual and official capacity, <br><br> Defendants. | **DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT** |

**NOW COMES** Defendants Christopher Thomas, in his official capacity as the Sheriff of Onslow County and in his individual capacity; The Ohio Casualty Insurance Company; Lieutenant Jay Floyd, in his individual and official capacities; and Sergeant Rubin Jimenez, in his individual and official capacities (collectively referred to as "Defendants"), by and through counsel, and hereby respond to the allegations contained in Plaintiffs' Amended Complaint as follows:

## **NATURE OF THE CASE**

1. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 1, and as such, those allegations are denied.

2. Admitted upon information and belief.

3. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 3, and as such, those allegations are denied.

4. Defendants admit, upon information and belief, that Mr. Saleh was of Middle Eastern descent. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 4, and as such, those allegations are denied.

5. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 5, and as such, those allegations are denied.

6. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 6, and as such, those allegations are denied. Instead, it is admitted that Plaintiffs were selling controlled substances such as marijuana and Dimethyltryptamine ("DMT"). Except as admitted, denied.

7. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 7, and as such, those allegations are denied.

8. Admitted.

9. It is admitted that the statutory language of N.C. Gen. Stat. §§ 90-87(13a)-(13b) and 90-94(b)(2) speaks for itself, and Defendants deny any characterizations of the content. Except as admitted, the allegations of Paragraph 9 are denied.

10. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 10, and as such, those allegations are denied.

11. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 11, and as such, those allegations are denied.

2

12. Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 12, and as such, those allegations are denied.

13. Denied.

14. Defendants admit that, for safety purposes, officers conducting the lawful searches wore vests and had guns drawn and that, once the areas were secure, officers holstered their guns. Defendants deny that the photograph provided on page 4 of the Amended Complaint is a photograph of Hubert Tobacco. Further, Defendants deny that any of the named defendants or any officers of the Onslow County Sheriff's Office disabled the surveillance cameras at the convenience store shown in the photograph on page 4 of the Amended Complaint. Except as admitted, denied.

15. Defendants admit that deputies from the Onslow County Sheriff's Office who conducted lawful searches on April 3, 2024, pursuant to court-authorized warrants were not issued body cameras and therefore did not wear body cameras during these searches. Defendants further admit that, for safety purposes, Onslow County Sheriff's Office deputies turned off the surveillance cameras in the stores searched. Except as admitted, denied.

16. Denied. Defendants specifically deny that the photograph on page 5 of the Amended Complaint is a photograph of Hubert Tobacco and further deny that any of the named defendants or any officers of the Onslow County Sheriff's Office disabled the surveillance cameras at the convenience store shown in the photograph on page 5 of the Amended Complaint or searched the convenience store shown in the photograph on page 5 of the Amended Complaint.

3

17.     Defendants admit that, at certain stores, including Hubert Tobacco, officers attempted to locate keys to safes, and if no keys were found, officers entered the safes to seize cash that they reasonably believed to be assets of illegal drug trades. It is further admitted that the lawful search warrant issued by a Magistrate Judge directed and commanded officers to seize currency and financial documents. A true copy of the search warrant is attached as **Exhibit A.** Any remaining allegations are denied.

18.     Admitted.

19.     Defendants deny any allegation that Plaintiffs were operating "lawful businesses." It is specifically denied that a "lawful business" sells controlled substances such as marijuana and Dimethyltryptamine ("DMT") to the public. It is further denied that Lt. Floyd made the alleged statement in Paragraph 19 in the context in which Paragraph 19 alleges that the statement was made. Any remaining allegations are denied.

20.     Defendants deny that Lt. Floyd made the alleged statement in Paragraph 20 in the context in which Paragraph 20 alleges that the statement was made. Any remaining allegations are denied.

21.     Defendants deny that Lt. Floyd made the alleged statement in Paragraph 21 in the context in which Paragraph 21 alleges that the statement was made. Any remaining allegations are denied.

22.     Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024, speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied.

4

23. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024, speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied.

24. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024, speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied.

25. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024, speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

26. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024, speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

27. Denied.

28. Defendants deny that they engaged in any illegal or unconstitutional conduct. Instead, it is admitted that the search and seizure of controlled substances from Hubert Tobacco, such as marijuana and Dimethyltryptamine ("DMT"), was pursuant to the direction of a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** Further, Defendants deny that Plaintiffs are entitled to any form of relief whatsoever, including, but not limited to, damages and permanent injunctive relief. Any remaining allegations are denied.

5

## JURISDICTION

29.     Defendants admit that, based on the nature of the claims alleged, this Court has subject-matter jurisdiction. Defendants deny that they engaged in any conduct that deprived Plaintiffs of rights guaranteed by the United States Constitution or North Carolina law. Any remaining allegations are denied.

30.     Defendants admit that a federal court may invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over North Carolina state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to federally based claims and causes of action.

## VENUE

31.     Admitted.

## PARTIES

32.     Defendants admit that Plaintiffs purport to sue Sheriff Thomas in both his official and individual capacities. Defendants deny that Sheriff Thomas is liable in any way in either capacity.

33.     Denied.

34.     Defendants admit that, at all relevant times, The Ohio Casualty Insurance Company, served as the surety for the Sheriff of Onslow County, and that the language in N.C. Gen. Stat. §§ 58-76-5 and 162-8 speaks for itself. Defendants admit that the purchase of a surety bond waives immunity for Sheriff Thomas or his officers but only to the extent of the amount of the bond. Defendants further deny that the purchase of a surety bond has any bearing on whether a defendant is entitled to qualified immunity.

35.     Admitted.

6

36.     Admitted.

37.     It is admitted, upon information and belief, that Muammer Saleh passed away on or about January 22, 2025. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 37, and as such, those allegations are denied. Except as admitted, denied.

38.     Admitted upon information and belief.

## FACTS

**Plaintiff Saleh Estate**

39.     Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 39, and as such, those allegations are denied.

40.     Defendants admit that, on November 8, 2024, at some point on or after 9:00 A.M., Onslow County Sheriff's Office deputies arrived at decedent Muammer Saleh's residence located at 466 Hubert Boulevard, Hubert, North Carolina 28539. Additionally, Defendants admit that, prior to arriving at Mr. Saleh's residence, Onslow County Sheriff's Office deputies spoke with the store clerk at Hubert Tobacco, the vape shop across the street from 466 Hubert Boulevard, Hubert, North Carolina 28539; that Onslow County Sheriff's Office deputies asked the store clerk where the owner was; and that the store clerk stated that the owner was not at work that day but was at home. Defendants further admit that, following the representations from the store clerk, Onslow County Sheriff's Office deputies drove across the street to 466 Hubert Boulevard, Hubert, North Carolina 28539 and encountered decedent Muammer Saleh. Except as admitted, denied.

7

41.     Defendants admit that Sgt. Jimenez was the ranking officer on duty at decedent Muammer Saleh's residence on November 8, 2024. To the extent that the allegations in Paragraph 41 are intended to imply that Sgt. Jimenez directed lower ranking officers to engage in unlawful or unconstitutional conduct or that Sgt. Jimenez engaged in unlawful or unconstitutional conduct, such allegations are denied. Further, to the extent that the allegations in Paragraph 41 are intended to imply that Sgt. Jimenez supervised lower ranking officers who engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, denied.

42.     Defendants admit that Onslow County Sheriff's Office deputies had warrants for and photographs of individuals who they reasonably believed they intended to arrest for the sale of illegal controlled substances. Any remaining allegations are denied.

43.     Defendants admit that they did not have a photograph of decedent Muammer Saleh or warrant for his arrest. Notwithstanding, Defendants admit that Onslow County Sheriff's Office had a photograph of Fawaz Ali Mohammed Saleh, who officers had probable cause to arrest, and who, upon later information and belief, resided at the same residence as decedent Muammer Saleh and is decedent Muammer Saleh's brother. Defendants admit that when the Onslow County Sheriff's Office deputies arrived at the residence, an unknown individual opened the door, and officers told this unknown individual that they were looking for Fawaz Ali Mohammed Saleh. Defendants further admit that deputies asked the unknown individual to produce Fawaz Ali Mohammed Saleh and showed the unknown individual the photograph of Fawaz Ali Mohammed Saleh. Defendants further admit that the unknown individual went inside the residence and returned with decedent Muammer Saleh, who officers reasonably believed was Fawaz Ali Mohammed Saleh who they had probable cause to arrest.

8

44.     Defendants admit that when decedent Muammer Saleh appeared, decedent Muammer Saleh was wearing a towel and boxer shorts. Any remaining allegations are denied.

45.     Denied.

46.     Denied.

47.     Defendants admit that Onslow County Sheriff's Office deputies asked decedent Muammer Saleh if he had an identification card or driver's license.

48.     Defendants admit that decedent Muammer Saleh provided the deputies with his driver's license.

49.     Denied.

50.     Defendants admit that decedent Muammer Saleh was handcuffed for approximately three (3) minutes while officers reviewed decedent Muammer Saleh's driver's license while decedent Muammer Saleh got dressed. Any remaining allegations are denied.

51.     Admitted upon information and belief.

**Plaintiff Hubert Tobacco**

52.     Admitted upon information and belief.

53.     Admitted.

54.     Defendants admit that, on April 3, 2024, Onslow County Sheriff's Office deputies lawfully searched Hubert Tobacco pursuant to the direction of a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** To the extent that

9

the allegations in Paragraph 54 are intended to imply that Sheriff Thomas and Lt. Floyd engaged in unlawful or unconstitutional conduct, such allegations are denied.

55.     Denied. Instead, it is admitted that prior to the execution of the lawful search warrant, Onslow County Sheriff's deputies, assisted by Naval Criminal Investigative Services Special Agents, conducted a controlled purchase of one pre-rolled marijuana blunt and "DIAMOND SHRUUMZ Premium Microdose Chocolate"[1] from Hubert Tobacco. It is further admitted that a detective returned to Hubert Tobacco on a later occasion and confirmed that controlled substances were still being illegally sold there. Except as admitted, denied.

56.     Denied. Instead, it is admitted that during the execution of the lawful search warrant, the Sheriff's Office seized contraband, *inter alia*, cocaine, a firearm, money connected to criminal activity, marijuana, and Dimethyltryptamine ("DMT"). The Onslow County Sheriff's Office was directed and commanded to seize these items by a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** It is further admitted that an agent with the Secretary of State's Office arrived and seized more than two hundred items for trademark violations. Except as admitted, denied.

57.     Defendants deny any allegation that Plaintiffs were operating "lawful businesses." It is specifically denied that a "lawful business" sells controlled substances such as marijuana and

---

[1] According to the Centers for Disease Control and Prevention (CDC), the U.S. Food and Drug Administration (FDA), and numerous state health departments, as of October 31, 2024, the consumption of this product was allegedly associated with at least "180 total illnesses, including 73 hospitalizations. . . [and] [t]here were three (3) potentially associated deaths." Testing done by the FDA identified the presence of multiple substances in Diamond Shruumz brand products, including prescription drugs and a Schedule 1 controlled substance. *See* https://www.cdc.gov/environmental-health-studies/outbreak-investigation-diamond-shruumz-products/index.html (last accessed August 26, 2025).

10

Dimethyltryptamine ("DMT") to the public. It is further denied that Lt. Floyd made the alleged statement in Paragraph 57 in the context in which Paragraph 57 alleges that the statement was made. Any remaining allegations are denied.

58.     Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

59.     Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

60.     Denied for lack of information and belief.

61.     Defendants admit that the Onslow County Sheriff's Office turned over to the clerk of court an inventory of all items seized as a result of the lawful searches on April 3, 2024, as well as copies of the test results proving that such products were illegal. Defendants further admit that the illegal items seized and the test results proving that such products were illegal are currently in the lawful custody of the Onslow County Sheriff's Office and are being held as evidence in pending criminal cases. To the extent that the allegations in Paragraph 61 are intended to imply that Defendants failed to return lawful products to Hubert Tobacco or that these Defendants had a duty to produce the test results to any individual or entity besides the clerk of court and failed to do so, such allegations are denied.

11

62.     It is admitted that on November 7, 2024, an arrest warrant was issued by a Magistrate Judge for Fawaz Ali Mohammed Saleh for the offenses of (1) Possession with Intent to Manufacture, Sell, or Deliver a Schedule VI Controlled Substance; (2) Felony Possession of Marijuana; (3) Conspiracy to Sell and Deliver Marijuana; (4) Keeping and Maintaining a Vehicle/Dwelling/Place for Using, Keeping, or Selling of Controlled Substances; (5) Selling Marijuana; and (6) Delivering Marijuana. Except as admitted, denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Illegal Search and Seizure in Violation of the Fourth Amendment**
**under 42 U.S.C § 1983**

63.     Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-62 of the Amended Complaint.

64.     Defendants admit that Plaintiffs' Amended Complaint purports to state a claim by the Saleh Estate against Sgt. Jimenez but deny that Sgt. Jimenez is liable for any claim alleged against him.

65.     Defendants admit that Plaintiffs' Amended Complaint purports to state a claim against Sgt. Jimenez in his individual capacity but deny that Sgt. Jiminez is liable for any claim alleged against him.

66.     Defendants admit that Plaintiffs' Amended Complaint purports state a claim against Sgt. Jimenez for violation of Mr. Saleh's constitutional rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983 but deny that Sgt. Jimenez is liable for any claim alleged against him.

67.     Defendants admit that, on November 8, 2024, at some point on or after 9:00 A.M., Onslow County Sheriff's Office deputies arrived at decedent Muammer Saleh's residence located at 466

12

Hubert Boulevard, Hubert, North Carolina 28539. Additionally, Defendants admit that, prior to arriving at Mr. Saleh's residence, Onslow County Sheriff's Office deputies spoke with the store clerk at Hubert Tobacco, the vape shop across the street from 466 Hubert Boulevard, Hubert, North Carolina 28539; that Onslow County Sheriff's Office deputies asked the store clerk where the owner was; and that the store clerk stated that the owner was not at work that day but was at home. Defendants further admit that, following the representations from the store clerk, Onslow County Sheriff's Office deputies drove across the street to the residence of Fawaz Ali Mohammed Saleh at 466 Hubert Boulevard, Hubert, North Carolina 28539 and encountered decedent Muammer Saleh.

68. Defendants admit that Sgt. Jimenez was the ranking officer on duty at decedent Muammer Saleh's residence on November 8, 2024. To the extent that the allegations in Paragraph 68 are intended to imply that Sgt. Jimenez directed lower ranking officers to engage in unlawful or unconstitutional conduct or that Sgt. Jimenez acted or engaged in unlawful or unconstitutional conduct, such allegations are denied. Further, to the extent that the allegations in Paragraph 68 are intended to imply that Sgt. Jimenez supervised lower ranking officers who engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, the allegations of Paragraph 68 are denied.

69. Defendants admit that Onslow County Sheriff's Office deputies had warrants for and photographs of individuals who they reasonably believed they intended to arrest for the sale of illegal controlled substances. Any remaining allegations are denied.

70. Defendants admit that they did not have a photograph of decedent Muammer Saleh or warrant for his arrest. Notwithstanding, Defendants admit that the Onslow County Sheriff's Office

13

had a photograph of Fawaz Ali Mohammed Saleh, who officers had probable cause to arrest, and who, upon later information and belief, resided at the same residence as decedent Muammer Saleh and is decedent Muammer Saleh's brother. Defendants admit that when the Onslow County Sheriff's Office deputies arrived at the residence, an unknown individual opened the door, and officers told this unknown individual that they were looking for Fawaz Ali Mohammed Saleh. Defendants further admit that officers asked the unknown individual to produce Fawaz Ali Mohammed Saleh and showed the unknown individual the photograph of Fawaz Ali Mohammed Saleh. Defendants further admit that the unknown individual went inside the residence and returned with decedent Muammer Saleh, who officers reasonably believed was Fawaz Ali Mohammed Saleh, who they had probable cause to arrest.

71. Defendants admit that, based on the information presented to the Onslow County Sheriff's Office deputies at Mr. Saleh's residence on November 8, 2024, Onslow County Sheriff's Office deputies reasonably believed that decedent Muammer Saleh was an individual for whom they had a photograph of and warrant for arrest. To the extent that the allegations in Paragraph 71 are intended to imply that Onslow County Sheriff's Office deputies knew or had reason to know that decedent Muammer Saleh was not the individual for whom they had a photograph of and warrant for arrest, such allegations are denied.

72. Denied.

73. Denied.

74. Defendants admit that officers asked decedent Muammer Saleh if he had an identification card or driver's license.

75.     Defendants admit that decedent Muammer Saleh provided the officers with his driver's license.

76.     Denied.

77.     Defendants admit that decedent Muammer Saleh was handcuffed for approximately three (3) minutes while officers reviewed decedent Muammer Saleh's driver's license while decedent Muammer Saleh got dressed and that officers left decedent Muammer Saleh's residence shortly thereafter.

78.     Admitted upon information and belief.

79.     Denied.

### SECOND CLAIM FOR RELIEF
**Illegal Search and Seizure in Violation of the Fourth Amendment
under 42 U.S.C § 1983**

80.     Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-79 of the Amended Complaint.

81.     Defendants admit that Plaintiffs' Amended Complaint purports to state a claim by the Saleh Estate and Hubert Tobacco against Sheriff Thomas and Lt. Jay Floyd but deny that they are liable for any claim alleged against them.

82.     Defendants admit that Plaintiffs' Amended Complaint purports to state a claim against Sheriff Thomas in his individual and official capacities but deny that Sheriff Thomas is liable for any claim alleged against him.

15

83. Defendants admit that Plaintiffs' Amended Complaint purports to state a claim against Lt. Floyd in his individual capacity but deny that Lt. Floyd is liable for any claim alleged against him.

84. Defendants admit that Plaintiffs' Amended Complaint purports to state a claim against Sheriff Thomas and Lt. Floyd for violation of Plaintiffs' constitutional rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983 but deny that they are liable for any claim alleged against them.

85. Admitted.

86. Denied. Instead, it is admitted that prior to the execution of the lawful search warrant, Onslow County Sheriff's deputies, assisted by Naval Criminal Investigative Services Special Agents, conducted a controlled purchase of one pre-rolled marijuana blunt and a "DIAMOND SHRUUMZ Premium Microdose Chocolate" from Hubert Tobacco. It is further admitted that a detective returned to Hubert Tobacco on a later occasion and confirmed that controlled substances were still being illegally sold there. Except as admitted, denied.

87. Denied.

88. Denied. Instead, it is admitted that during the execution of the lawful search warrant, the Sheriff's Office seized contraband, *inter alia*, cocaine, a firearm, money connected to criminal activity, marijuana, and Dimethyltryptamine ("DMT"). The Onslow County Sheriff's Office was directed and commanded to seize these items by a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** It is further admitted that an agent with the Secretary of States Office arrived and seized more than two hundred items for trademark violations. Except as admitted, denied.

16

89.     Defendants admit that, on April 3, 2024, Onslow County Sheriff's Office deputies lawfully searched Hubert Tobacco pursuant to the direction of a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** To the extent that the allegations in Paragraph 89 are intended to imply that Sheriff Thomas and Lt. Floyd engaged in unlawful or unconstitutional conduct, such allegations are denied.

90.     Denied.

**THIRD CLAIM FOR RELIEF**
**Violation of Art. I §§ 1 and 19 of the North Carolina Constitution**
**("Fruits of Their Own Labor")**

91.     Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-90 of the Amended Complaint.

92.     Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by the Saleh Estate and Hubert Tobacco against Sheriff Thomas and Lt. Floyd in their official capacities, but Defendants deny that Sheriff Thomas and Lt. Floyd are liable for such claim.

93.     Defendants admit that the language of Sections 1 and 19 of the North Carolina Constitution speaks for itself. Any remaining allegations are denied.

94.     Defendants admit that the language of Sections 1 and 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 424, 904 S.E.2d 720, 726 (2024) speaks for itself. Any remaining allegations are denied.

95.     Defendants admit that the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 424, 904 S.E.2d 720, 726 (2024) speaks for itself. Any remaining allegations are denied.

96.     Denied.

17

97.     Denied.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 98, and the same are consequently denied.

99.     It is admitted that on April 3, 2024, deputies from the Onslow County Sheriff's Office executed a lawful search warrant on Hubert Tobacco and seized contraband, *inter alia*, cocaine, a firearm, money connected to criminal activity, marijuana, and Dimethyltryptamine ("DMT"). The Onslow County Sheriff's Office was directed and commanded to seize these items by a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** It is further admitted that an agent with the Secretary of States Office arrived and seized more than two hundred items for trademark violations. Except as admitted, denied.

100.    Denied.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truthfulness or the accuracy of the allegations contained in Paragraph 101, and the same are consequently denied. Defendants expressly deny that they engaged in any kind of unlawful or discriminatory conduct. Notwithstanding, Defendants admit that Goode Hemp is located in the city of Jacksonville, North Carolina and is therefore within the principal jurisdiction of a different agency. It is further admitted that Plaintiffs are free to submit an online crime tip for the Onslow County Sheriff's Office if they believe other individuals are also illegally selling controlled substances. Except as admitted, denied.

102.    Defendants deny any allegation that Plaintiffs were operating "lawful businesses." It is specifically denied that a "lawful business" sells controlled substances such as marijuana and

18

Dimethyltryptamine ("DMT"), to the public. It is further denied that Lt. Floyd made the alleged statement in Paragraph 102 in the context in which Paragraph 102 alleges that the statement was made. Any remaining allegations are denied.

103. Defendants deny that Lt. Floyd made the alleged statement in Paragraph 103 in the context in which Paragraph 103 alleges that the statement was made. Any remaining allegations are denied.

104. Defendants deny that Lt. Floyd made the alleged statement in Paragraph 104 in the context in which Paragraph 104 alleges that the statement was made. Any remaining allegations are denied.

105. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

106. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

107. Defendants admit that the language of Plaintiffs' Counsel's letter dated June 17, 2024 speaks for itself. To the extent that the language in this letter suggests that Defendants engaged in illegal or unconstitutional conduct, such is denied. Further, to the extent that the language in this letter suggests that the Onslow County Sheriff's Office lacked probable cause, such is denied.

108. Denied for lack of information and belief.

109. Defendants admit that the Onslow County Sheriff's Office turned over to the clerk of court an inventory of all items seized as a result of the lawful searches on April 3, 2024, as well as copies of the test results proving that such products were illegal. Defendants further admit that the illegal items seized and the test results proving that such products were illegal are currently in the lawful custody of the Onslow County Sheriff's Office and are being held as evidence in pending criminal cases. To the extent that the allegations in Paragraph 109 are intended to imply that these Defendants failed to return lawful products to Hubert Tobacco or that these Defendants had a duty to produce the test results to any individual or entity besides the clerk of court and failed to do so, such allegations are denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**FOURTH CLAIM FOR RELIEF**
**Violation of Art. I § 19 of the North Carolina Constitution**
**("Selective Enforcement")**

114. Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-113 of the Amended Complaint.

115. Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by the Saleh Estate and Hubert Tobacco against Sheriff Thomas and Lt. Floyd in their official capacities, but Defendants deny that Sheriff Thomas or Lt. Floyd are liable for such claim.

20

116. Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself. Any remaining allegations are denied.

117. Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself. Any remaining allegations are denied.

118. Defendants admit that the language of Article 1 Section 19 of the North Carolina Constitution and the language of *Kinsley v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 428, 904 S.E.2d 720, 728-29 (2024) speaks for itself. Any remaining allegations are denied.

119. Denied, including all subparts (a) through (b).

120. Denied.

121. Denied.

122. Denied.

123. Denied.

**FIFTH CLAIM FOR RELIEF**
**Common Law Negligence**

124. Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-123 of the Amended Complaint.

125. Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by the Saleh Estate and Hubert Tobacco against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in

21

their respective official and individual capacities, but Defendants deny that they are liable for such claim.

126. Denied.

127. Defendants admit that Sheriff Thomas, through his officers, had duties imposed by the laws of the State of North Carolina and the laws of the United States. At all times, Sheriff Thomas, through his officers, complied with all applicable laws of the State of North Carolina and the laws of the United States. Any remaining allegations are denied.

128. Denied, including subparts (a) through (d).

129. Denied.

130. Denied.

131. Defendants admit that, at all relevant times, they acted in the course and scope of their employment. Defendants deny that they are liable for the acts or omissions alleged in Plaintiffs' Amended Complaint.

132. Denied.

**SIXTH CLAIM FOR RELIEF**
**Common Law Trespass**

133. Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-132 of the Amended Complaint.

134. Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by the Saleh Estate against Sgt. Jimenez but denied that Sgt. Jimenez is liable for such claim.

22

135.    Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by the Saleh Estate against Sgt. Jimenez in his individual capacity, but Defendants deny that Sgt. Jimenez is liable for such claim.

136.    Defendants admit that, on November 8, 2024, at some point on or after 9:00 A.M., Onslow County Sheriff's Office deputies arrived at decedent Muammer Saleh's residence located at 466 Hubert Boulevard, Hubert, North Carolina 28539. Additionally, Defendants admit that, prior to arriving at Mr. Saleh's residence, Onslow County Sheriff's Office deputies spoke with the store clerk at Hubert Tobacco, the vape shop across the street from 466 Hubert Boulevard, Hubert, North Carolina 28539; that Onslow County Sheriff's Office deputies asked the store clerk where the owner was; and that the store clerk stated that the owner was not at work that day but was at home. Defendants further admit that, following the representations from the store clerk, Onslow County Sheriff's Office deputies drove across the street to the residence of Fawaz Ali Mohammed Saleh at 466 Hubert Boulevard, Hubert, North Carolina 28539 and encountered decedent Muammer Saleh.

137.    Defendants admit that Sgt. Jimenez was the ranking officer on duty at decedent Muammer Saleh's residence on November 8, 2024. To the extent that the allegations in Paragraph 137 are intended to imply that Sgt. Jimenez directed lower ranking officers to engage in unlawful or unconstitutional conduct or that Sgt. Jimenez engaged in unlawful or unconstitutional conduct, such allegations are denied. Further, to the extent that the allegations in Paragraph 137 are intended to imply that Sgt. Jimenez supervised lower ranking officers who engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

**SEVENTH CLAIM FOR RELIEF**
**Common Law Trespass to Chattels**

142.    Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by Hubert Tobacco against Sheriff Thomas and Lt. Floyd but denied that they are liable for such claim.

143.    Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by Hubert Tobacco against Sheriff Thomas in his individual and official capacities, but Defendants deny that Sheriff Thomas is liable for such claim.

144.    Denied.

145.    Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by Hubert Tobacco against Lt. Floyd in his individual capacity, but Defendants deny that Lt. Floyd is liable for such claim.

146.    Denied. Instead, it is admitted that during the execution of the lawful search warrant, the Sheriff's Office seized contraband, *inter alia*, cocaine, a firearm, money connected to criminal activity, marijuana, and Dimethyltryptamine ("DMT"). The Onslow County Sheriff's Office was directed and commanded to seize these items by a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** It is further admitted that an

agent with the Secretary of State's Office arrived and seized more than two hundred items for trademark violations. Except as admitted, denied.

147. Defendants admit that, on April 3, 2024, Onslow County Sheriff's Office deputies lawfully searched Hubert Tobacco pursuant to the direction of a lawful search warrant issued by a Magistrate Judge. A true copy of the search warrant is attached as **Exhibit A.** To the extent that the allegations in Paragraph 147 are intended to imply that Sheriff Thomas and Lt. Floyd engaged in unlawful or unconstitutional conduct, such allegations are denied. Except as admitted, denied.

148. Denied.

149. Denied.

**EIGHTH CLAIM FOR RELIEF**
**Injunctive Relief Against Onslow County Sheriff Chris Thomas**

150. Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-149 of the Amended Complaint.

151. Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for permanent injunctive relief by all Plaintiffs against Sheriff Thomas in his official capacity, but these Defendants deny that Plaintiffs are entitled to permanent injunctive relief.

152. Denied.

153. Denied.

154. Defendants admit that gas chromatography was one of the forms of analysis used by the third-party independent laboratory when it determined that the items seized from Hubert Tobacco

25

were controlled substances such as marijuana and Dimethyltryptamine ("DMT"). Any remaining allegations are denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Defendants deny that Lt. Floyd made the alleged statement in Paragraph 162 in the context in which Paragraph 162 alleges that the statement was made. Any remaining allegations are denied.

163.    Denied.

164.    Denied, including all subparts (a) through (c).

165.    Denied.

**NINTH CLAIM FOR RELIEF**
*Respondeat Superior*

166.    Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-165 of the Amended Complaint.

167.     Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by Plaintiffs against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in their respective official capacities, but Defendants deny that *respondeat superior* is a claim for relief or that they are liable under the theory of *respondeat superior*.

168.     Defendants admit that, at all relevant times, they were employees of the Onslow County Sheriff's Office acting within the scope of their employment. Any remaining allegations are denied.

169.     Denied.

170.     Denied.

### TENTH CLAIM FOR RELIEF
**Indemnification**

171.     Defendants incorporate by reference as if fully set forth herein their responses to each and every allegation contained in Paragraphs 1-170 of the Amended Complaint.

172.     Defendants admit that Plaintiffs' Amended Complaint purports to state this claim for relief by Plaintiffs against Sheriff Thomas, Lt. Floyd, and Sgt. Jimenez in their respective official and individual capacities, but Defendants deny that indemnification is a claim for relief or that they are liable for the same.

173.     Denied.

174.     Defendants admit that, at all relevant times, they were employees of the Onslow County Sheriff's Office acting within the scope of their employment. Any remaining allegations are denied.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to judgment in their favor or any form of relief whatsoever, including the relief requested in subparagraphs (A) through (E).

## RESPONSE TO JURY DEMAND

Defendants admit that Plaintiffs' Amended Complaint demands a trial by jury on all issues so triable in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rules 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead all immunities to which they are respectively entitled, including, but not limited to, governmental immunity and/or sovereign immunity, public officer's immunity, and qualified immunity as affirmative defenses. These immunities, and all other applicable immunities, are pled affirmatively in bar of Plaintiffs' claims.

## THIRD AFFIRMATIVE DEFENSE

Defendants did not breach any duty owed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the matters set forth in the Amended Complaint, Defendants, individually and collectively, acted reasonably, lawfully, in good faith, and pursuant to lawful motives, and complied with all pertinent statutory and regulatory regulations and laws, all of which are pled as a complete defense to the Plaintiffs' claims in this action.

28

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries did not proximately result from any action or inaction on the part of Defendants, individually or collectively, or from any Onslow County Sheriff's Office deputy, any improper action or inaction on the part of Defendants being denied, such that Plaintiffs' claims against Defendants fail as a matter of law. Such lack of proximate cause is pled in bar of Plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants plead the deliberate acts, and or the contributory negligence, or the gross contributory negligence, of Plaintiffs as a complete bar to Plaintiffs' claims.

**SEVENTH AFFIRMATIVE DEFENSE**

If Defendants, individually or collectively, were in any way or matter negligent, which is again denied, then Defendants allege that any negligence on their part, either individually or collectively, was passive and secondary to the active and primary negligence of others, and/or other third-parties, and that such active and primary negligence was the proximate cause of any alleged injuries sustained by Plaintiffs. Defendants further aver and contend that the active and superseding negligence on the part of others, insulated any negligence, if any, on the part of Defendants, and said intervening, superseding negligence is pled in bar of any claim for relief against Defendants and each of them in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are barred as a matter of law, as punitive damages are not recoverable under the events and circumstances alleged in the Amended Complaint and would violate the United States Constitution and the North Carolina Constitution. Further, punitive

damages, as a matter of law, may not be recovered from public officials sued in their official capacities.

<h3 style="text-align:center"><strong><u>NINTH AFFIRMATIVE DEFENSE</u></strong></h3>

Plaintiffs' alleged injuries did not proximately result from any policy, practice, procedure or custom of the Sheriff of Onslow County.

<h3 style="text-align:center"><strong><u>TENTH AFFIRMATIVE DEFENSE</u></strong></h3>

Defendants plead all applicable statutes of limitation and statutes of repose in bar of Plaintiffs' claims.

<h3 style="text-align:center"><strong><u>ELEVENTH AFFIRMATIVE DEFENSE</u></strong></h3>

Defendants were not deliberately indifferent to the rights of Plaintiffs, and Plaintiffs' claims therefore fail as a matter of law.

<h3 style="text-align:center"><strong><u>TWELVTH AFFIRMATIVE DEFENSE</u></strong></h3>

Plaintiffs' claims asserted pursuant to or under the North Carolina Constitution fail as a matter of law as Plaintiffs have available adequate remedies at law.

<h3 style="text-align:center"><strong><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></strong></h3>

As the Supreme Court has repeatedly held, negligence is not sufficient to establish a claim pursuant to 42 U.S.C. § 1983. *See e.g.*, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Cooley v. Health Auth. Yates*, Case No. 7:19CV00589, 2019 WL 5207905, at *2 (W.D. Va. Oct. 16, 2019) ("[A]n official's merely negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983.").

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in, promote, or further any policy or practice which deprived Plaintiffs of rights secured by the United States Constitution or laws of this land.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that these Defendants have not specifically addressed an allegation in the Amended Complaint, it is denied that Plaintiffs are entitled to any relief against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against Defendants based upon the theory of *respondeat superior* are barred and fail as a matter of law, because *respondeat superior* is inapplicable in Section 1983 suits. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999).

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants acted pursuant to a court-authorized warrant and probable cause existed for the issuance of such warrant(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert such other affirmative defenses as may become available during this litigation.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant The Ohio Casualty Insurance Company's liability, if any, to the Plaintiffs and any other persons having claims under the bond executed by Christopher David Thomas as principal and the Ohio Casualty Insurance Company as surety, is capped by the bond's penal sum of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants respectfully submit that Plaintiffs have and recover nothing; that this matter be dismissed with prejudice; that all triable issues be tried by a jury; and that the Court order such other relief as it deems just, equitable, and proper.

Respectfully submitted this the 26th day of August, 2025.

/s/ *Nicholas D. Acevedo*
Erin H. Epley (N.C. Bar No. 50690)
Nicholas D. Acevedo (N.C. Bar No. 59228)
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Erin.Epley@wbd-us.com
Email: nick.acevedo@wbd-us.com
*Attorneys for Defendants*

32

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing **ANSWER TO THE AMENDED COMPLAINT** with the United States District Court for the Eastern District of North Carolina via the CM/ECF system which will also send an email notification to the following:

Abraham Rubert-Schewel
Tin Fulton Walker & Owen PLLC
119 Orange Street, Floor 2
Durham, NC 27701
Email: schewel@timfulton.com

*Attorney for Plaintiffs*

This 26th day of August, 2025.

/s/ Nicholas D. Acevedo
Nicholas D. Acevedo (N.C. Bar No. 59228)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Nick.Acevedo@wbd-us.com
*Attorney for Defendants*