| File No. | | STATE OF NORTH CAROLINA | In The General Court Of Justice |
|---|---|---|---|

## SEARCH WARRANT

**ONSLOW** County    District/Superior Court Division

### IN THE MATTER OF

Hubert Tobacco
393 Hubert Blvd
Hubert, NC 28539

*Name Of Applicant*
Sergeant Barrera

*Name Of Additional Affiant(s)*

### RETURN OF SERVICE

I certify that this Search Warrant was received and executed as follows:

| *Date Received* | *Time Received* |
|---|---|
| 4/2/24 | 12:09 ☐AM ☒PM |

| *Date Executed* | *Time Executed* |
|---|---|
| 4/3/24 | 1030 ☒AM ☐PM |

☒ I made a search of
393 Hubert Blvd
Hubert, NC 28539
_____ as commanded.

☒ I seized the items listed on the attached inventory.
☐ I did not seize any items.
☐ This Warrant WAS NOT executed within forty-eight (48) hours of the date and time of issuance and I hereby return it not executed.

*Name Of Officer Making Return (type or print)*
G. Zimmer

*Signature Of Officer Making Return*

| *Department Or Agency Of Officer* | *Incident Number* |
|---|---|
| OCSO | |

---

To any officer with authority and jurisdiction to conduct the search authorized by this Search Warrant:

I, the undersigned, find that there is probable cause to believe that the property and person described in the application on the reverse side and related to the commission of a crime is located as described in the application.

You are commanded to search the premises, vehicle, person and other place or item described in the application for the property and person in question. If the property and/or person are found, make the seizure and keep the property subject to Court Order and process the person according to law.

You are directed to execute this Search Warrant within forty-eight (48) hours from the time indicated on this Warrant and make due return to the Clerk of the Issuing Court.

This Search Warrant is issued upon information furnished under oath or affirmation by the person(s) shown.

| *Date Issued* | *Time Issued* ☐AM | *Name (type or print)* | *Signature* |
|---|---|---|---|
| 4-2-24 | 12:09 ☒PM | Chris Riggs | |

☐ Deputy CSC  ☐ Assistant CSC  ☐ CSC  ☒ Magistrate  ☐ District Ct. Judge  ☐ Superior Ct. Judge

**NOTE:** *When issuing a search warrant, the issuing official must retain a copy of the warrant and warrant application and must promptly file them with the clerk. G.S. 15A-245(b).*

This Search Warrant was delivered to me on the date and at the time shown below when the Office of the Clerk of Superior Court is closed for the transaction of business. By signing below, I certify that I will deliver this Search Warrant to the Office of the Clerk of Superior Court as soon as possible on the Clerk's next business day.

| *Date* | *Time* ☐AM ☐PM | *Name Of Magistrate (type or print)* | *Signature Of Magistrate* |
|---|---|---|---|
| | | | |

This Search Warrant was returned to the undersigned clerk on the date and time shown below.

| *Date* | *Time* | *Name Of Clerk (type or print)* | *Signature Of Clerk* | |
|---|---|---|---|---|
| 4-8-24 | 2:32 ☐AM ☒PM | Astul | | ☒ Dep. CSC  ☐ Asst. CSC  ☐ CSC |

Original - File   Copy - For Search of a Person, to Person from Whom Items Taken
Copy - For Search of Vehicle/Premises, to Owner or Person in Apparent Control; if No Such Person Present, Leave Copy Affixed Thereon

AOC-CR-119, Rev. 6/19
© 20    Administrative Office of the Courts

(Over)

# APPLICATION FOR SEARCH WARRANT

I, _Barrera, A.J., Sergeant, Onslow County S.O._ ,
*(Insert name and address; or if law enforcement officer, name, rank and agency)*

being duly sworn, request that the Court issue a warrant to search the person, place, vehicle, and other items described in this application and to find and seize the property and person described in this application. There is probable cause to believe that *(Describe property to be seized; or if search warrant is to be used for searching a place to serve an arrest warrant or other process, name person to be arrested)*

Any and all illegal drug/narcotics, business ledgers, invoices of items bought/sold, illegal trademark merchandise, US Currency / assests of the illegal drug trade. Electronic equipment which stores digital media which may contain evidence of drug sales. Any and all firearms.

constitutes evidence of a crime and the identity of a person participating in a crime, *(Name crime)* N.C.G.S. 90-95 (a) Narcotics/Illicit Drug Offenses
N.C.G.S. 80-11.1 Criminal use of Counterfeit Trademark

and is located *(Check appropriate box(es) and fill in specified information)*

☒ in the following premises *(Give address and, if useful, describe premises)*
Hubert Tobacco
393 Hubert Blvd, Hubert, NC 28539

*(and)*
☒ on the following person(s) *(Give name(s) and, if useful, describe person(s))*
Any person on the property, during the execution of the search warrant

*(and)*
☒ in the following vehicle(s) *(Describe vehicle(s))*
Any and all vehicles associated with the property/business being searched. Any vehicle on the property of belonging to or involved with described property.

*(and)*
☒ *(Name and/or describe other places or items to be searched, if applicable)*
All safes and locked boxes, sealed containers, outbuildings and any other place narcotics, drug paraphernalia and any illegal trademark merchandise can be stored or hidden.

The applicant swears or affirms to the following facts to establish probable cause for the issuance of a search warrant:
SEE ATTACHED AFFIDAVIT

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 4/2/24 |
|---|---|

| Date 4-2-24 | Name Of Applicant (type or print) Barrera, A.J. |
|---|---|
| Signature | Signature Of Applicant |

☒ Magistrate ☐ Dep. CSC ☐ Asst. CSC ☐ Clerk Of Superior Court ☐ Judge

☒ In addition to the affidavit included above, this application is supported by additional affidavits, attached, made by _Sgt. Barrera_

☒ In addition to the affidavit included above, this application is supported by sworn testimony, given by _Sgt. Barrera_

This testimony has been *(check appropriate box)* ☒ reduced to writing
☐ recorded, and I have filed any such writing/recording with the clerk.

**NOTE:** *If more space is needed for any section, continue the statement on an attached sheet of paper with a notation saying "see attachment." Date the continuation and include on it the signatures of applicant and issuing official.*

AOC-CR-119, Side Two, Rev. 6/19
© 201    ministrative Office of the Courts

IN THE MATTER OF THE SEARCH OF
HUBERT TOBACCO VAPES SHOP
393 HUBERT BLVD, HUBERT NC 28539

Case No. _____

## AFFIDAVIT IN SUPPORT OF
## SEARCH AND SEIZURE WARRANT

I, Sergeant Barrera, A.J., being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     This is an Affidavit in support of a search warrant authorizing the search of the following location:

a) **393 HUBERT BLVD, HUBERT NC 28539, HUBERT TOBACCO VAPES SHOP** (hereinafter referred to as the "SUBJECT ESTABLISHMENT"). There is probable cause to believe that the SUBJECT ESTABLISHMENT is utilized by FAWAH SALEH, and an unknown female conspirator(s) engaged in the unlawful act of Selling Marijuana. The SUBJECT ESTABLISHMENT is described as 393 Hubert Blvd, Hubert, NC 28539, a business adjacent to "JUNE'S BARBER SHOP". The SUBJECT ESTABLISHMENT is a yellow brick-built building with a "Hubert TOBACCO" sign affixed to the roof of the SUBJECT ESTABLISHMENT.

2.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of North Carolina General Statute 90-95, Selling Marijuana, is being committed, and will be committed by FAWAH SALEH, and unknown persons. There is also probable cause to believe that the SUBJECT ESTABLISHMENT will contain evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera A.J.

_____
Date

## AFFIANT AND EXPERTISE

3.     I am a sworn law enforcement officer in the state of North Carolina. I am a Deputy with the Onslow County Sheriff's Office. I have been employed at the Onslow County Sheriff's Office since June 2008. I am currently assigned to the Drug Enforcement Unit and hold the rank of Sergeant. I have obtained a Basic, Intermediate, and Advanced Law Enforcement Certificate in the state of North Carolina.

4.     During my time as a law enforcement officer, I have spoken on numerous occasions with suspects, confidential informants, and experienced investigators concerning the manner, means, methods, and practices that drug dealers and suppliers utilize to further the operation of their illicit activities and the most effective methods of investigating and dismantling such organizations.

5.     Through training, numerous drug investigations, and persons arrested for narcotics offenses, your affiant is familiar with the actions, traits, habits, and terminology utilized by drug traffickers and members of drug trafficking organizations. Your affiant has also participated in surveillances of drug traffickers and other persons involved in criminal activity. Based upon this training and experience, your affiant is aware that:

a)     Persons involved in drug dealing and associated criminal activity generally knowingly keep and maintain residences, vehicles and buildings for storing, manufacturing, and selling drugs.

b)     Such persons involved in drug dealing regularly keep firearms, ledgers, cellphones, US currency, packaging material, and digital scales to operate their illicit activity.

c)     Persons involved in drug dealing often protect their aforementioned assets to conduct their criminal activity in strong boxes and safes within their residence or other building they are operating from. Furthermore, these are often hidden in the residence or building to hinder law enforcement from locating their assets.

_____
Judge / Magistrate

_____
4-2-24
Date

_____
Sergeant Barrera, A.J.

_____
4/2/24
Date

d)      Persons involved in drug dealing are known to maintain packaging materials and drug paraphernalia at their residence. These materials include but are not limited to, plastic baggies in all sizes and shapes, rubber bands, tinfoil, filler material used to cut or dilute a drug, scales, and measuring devices.

e)      Persons involved in drug dealing often maintain records, to include but not limited to, books, records, receipts, handwritten notes, electronic files, and ledgers for documenting transactions of drugs. These records are often maintained by the dealer at a residence or other building where they operate their criminal activity from.

f)      Persons involved in drug trafficking will often use other names when shipping drugs via carries to avoid law enforcement detection. Furthermore, these packages often utilize fake companies or incorrect shipping information to obscure the source of supply. In addition, these packages are often sent via overnight or next day to reduce the chance of law enforcement identifying and intercepting packages of drugs if sources or recipients are identified.

g)      Based upon my training and experience, as well as the knowledge and experience of other agents and police officers, I am aware that it is generally a common practice that drug dealers must maintain a supply of drugs and US currency to efficiently conduct their illicit business.

6.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, your affiant has not included every detail of every aspect of the investigation. Rather, your affiant has set forth only those facts believed to be necessary to establish probable cause. Your affiant has not, however, excluded any known information that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, review of documents and other evidence, and conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/2/24
_____
Date

## PROBABLE CAUSE

### A. BACKGROUND

7. Based upon an investigation by the affiant who is a Narcotics Investigator with the Onslow County Sheriff's Office, Drug Enforcement Unit, your affiant states that there is probable cause to believe that (i) FAWAH SALEH and unknown persons were engaged in the commission of violations of state law, to wit: North Carolina General Statute 90-95, Selling Marijuana, and (ii) the SUBJECT ESTABLISHMENT is being used to facilitate the commission of those offenses.

8. According to North Carolina General Statute 90-94 (b)(2), marijuana and marijuana products containing more than 0.3% Delta 9 Tetrahydrocannabinol on a dry weight basis are Schedule VI Controlled Substances. According to North Carolina General Statute 90-87(13a) "hemp" means the plant Cannabis sativa (L.) and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis. Delta 9 Tetrahydrocannabinol is the primary psychoactive cannabinoid found in marijuana and the only cannabinoid that determines the legality of marijuana under North Carolina State Law.

9. Many establishments attempt to circumvent the law by selling substances with a high "THC-A" content, but a low Delta 9 THC content. THC-A is tetrahydrocannabinolic acid. THC-A can turn into Delta 9 THC through a process called "decarboxylation" by applying heat to the substance. Therefore, if a substance was high in THC-A, one could apply heat to the substance and turn it into illicit Delta 9 THC. Since 2018, there has been very little enforcement of the sales of THC products.

10. According to the US Department of Agriculture, the federal entity that regulates hemp products, "hemp" and "Marijuana" are differentiated by total THC content, not just the content of Delta – 9 THC. This in turn makes THC-A federally illegal if the content is more than 0.3%.

11. In 2023 law enforcement in the Onslow County, NC area received multiple reports of

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

9/2/24
_____
Date

overdose symptoms in students that attend schools in the Onslow County Schools system. In many of the cases, the overdose symptoms were attributed to vapor products ingested by students that were obtained at local tobacco and vapor stores. Throughout 2023, law enforcement continued to receive crime stoppers and in-person complaints about tobacco and vapor establishments in the community selling suspected controlled substances and selling them to minors. Products mentioned in the complaints included THC vapor products and THC gummies. In addition to these complaints, officers of the Jacksonville, NC Police Department (JPD) documented several encounters with subjects suspected of possessing marijuana that upon interview, stated they purchased the suspected marijuana from local vapor and tobacco stores. Several confidential reliable informants have also told detectives that these tobacco and vapor stores are selling illicit marijuana disguised as "hemp flower" or "CBD." Marijuana is a Schedule VI drug under the North Carolina Controlled Substances Act and the sale and possession are a violation of NC General Statute 90-95.

12. Detectives with the Jacksonville Police Department have previously been involved in large-scale drug investigations involving tobacco and vapor establishments in the Jacksonville/Onslow County area. A 2012 investigation began when detectives of the Jacksonville Police Department discovered that some tobacco and vapor establishments were selling a synthetic cannabinoid "Spice," disguised as a legal product. The investigation resulted in the execution of search warrants at two tobacco and vapor establishments and the seizure of over 70 lbs. of the illicit substance. Detectives with the Jacksonville Police Department in conjunction with the Drug Enforcement Administration and the Naval Criminal Investigative Service conducted yet another large-scale drug investigation in 2018 after it was discovered that a number of these tobacco and vapor establishments were selling a schedule I synthetic cannabinoid in vapor cartridges. The investigation led to the execution of search warrants at 17 different tobacco and vapor establishments in the Jacksonville/Onslow County area and the seizure of a large quantity of illicit cannabinoids that were being offered for sale by the establishments.

_____
Judge / Magistrate

_____
Date
4/- 2-24

_____
Sergeant Barrera, A.J.

_____
Date
4/2/24

13. As 2023 continued, more evidence emerged that some of these businesses were engaged in other illicit and illegal activities. JPD officers entered these businesses on multiple occasions for routine calls for service and located gambling machines, in violation of NC General Statute 14-292. On one particular instance in 2023, JPD officers were investigating a robbery that occurred at one of the tobacco and vapor stores. JPD officers observed that while firearms and US currency were readily available to steal from the business, the only item taken was marijuana that was being sold as "hemp flower". During other encounters in 2023, officers noted that several of the businesses had large sections solely devoted to the display and sale of suspected marijuana being marketed as "hemp flower". Several of the businesses have also been targets of the North Carolina Secretary of State Anti-Counterfeiting Task Force for displaying and selling counterfeit trademarked goods.

14. In February 2024, members of the Onslow County, NC Sheriff's Office (OCSO) and JPD began conducting proactive investigative efforts targeting the tobacco and vapor shops in Onslow County, NC suspected of selling controlled substances. OCSO and JPD conducted controlled purchase operations from numerous businesses in Onslow County and submitted samples for laboratory analysis. Investigators learned that many of the substances purchased contained illegal quantities of THC in violation of North Carolina General Statutes. The substances were sent to Avazyme[1], a private laboratory, for THC content analysis. 27 samples were sent to the lab and 25 of them exceeded the legal limit of Delta 9 THC and were, in fact, marijuana. Two of the samples were compliant under North Carolina Law with percentages at or under 0.3% Delta-9 THC, however, both had THC-A levels of 18.58% and 20.46% respectively making them federally non-compliant.

15. As a part of this operation, traffic stops were conducted on two separate distributors after

---

[1] Avazyme is a PJLA Accredited laboratory for microbiological and chemical testing. Avazyme laboratory results have been used by several jurisdictions including Onslow County for prosecutions and convictions for marijuana crimes. Avazyme is used because the state crime laboratory does not conduct the required quantitative testing for marijuana.

_____
Judge / Magistrate

_____
Date 4-2-24

_____
Sergeant Barrera, A.J.

_____
Date 4/2/24

they made deliveries to local tobacco shops. The delivery vehicles each contained large quantities of suspected marijuana, THC vapor products, THC gummies, in addition to counterfeit goods. Interviews of individuals involved in the distribution businesses revealed that the distributors purchased THC products from companies outside North Carolina and facilitated delivering the products to tobacco shops in the Eastern North Carolina area. Search warrants were executed on the two distribution centers in Wilmington, NC which resulted in seizing several hundred pounds of suspected marijuana, THC vapor products, THC gummies, and counterfeited goods. The products from the distribution centers and distribution vehicles were sent to Avazyme, a private laboratory, for THC content analysis and it was determined that the vast majority of the samples exceeded the legal limit for Delta 9 THC. The OCSO and JPD sent a total of 96 samples of suspected marijuana products to the lab. Of the products, 90 of them exceeded the legal limit for Delta 9 THC. A total of six were compliant under North Carolina Law with at or under 0.3% Delta 9 THC. 3 of the 6 products, however, had THC-A levels of 14.60%, 13.95%, and 7.16% respectively making them federally non-compliant.

16. It was determined that the marijuana distributors would not only sell products that they purchased from a manufacturer, but they would purchase bulk quantities of marijuana or THC gummies and then package them into user-sized quantities with custom labels to sell to the public at tobacco shops.

17. The following are the specific brands or products that were sent to the private laboratory and were found to contain illegal concentrations of Delta 9 THC:

    a) "Port City Gas" THC products

    b) "Valance" THC products

    c) "Space Gods Super Nova" — THC vapor products

    d) "ELFTHC" – THC vapor products

    e) "Losst High Speed Blend" – THC vapor products

    f) "Purple Blue Diamond" – THC vapor products

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/2/24
_____
Date

g)  "Budget" – THC vapor products

h)  "Don't Trip by Dozo" – THC vapor products

i)  "Happi Horizons" – THC vapor products

j)  "Puffy" – THC vapor products

k)  "Modus" – THC vapor products

l)  "Thunder" – THC vapor products

m)  "Geek'd" – THC vapor products

n)  "Hidden Hills Club" – THC vapor products

o)  "Rollies" THC vapor products

p)  "Baked" – THC vapor products

q)  "Smackams super blend" THC gummies

r)  "Gold Silver" THC pre-rolls

s)  "Drilizy" THC pre-rolls

t)  "Lost THC" THC pre-rolls

u)  "Bioleaf" THC pre-rolls

v)  "Bioblunt" THC pre-rolls

w)  "G&P hemp farms" THC pre-rolls

x)  "Alien Exotic" THC products

y)  "Dream Team" THC products

z)  "Indoor Cannabis" THC products

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/2/24
_____
Date

## B.    INVESTIGATION

18.    On February 16th, 2024, Sergeant Barrera utilized Detective Crites, in an undercover capacity to conduct a controlled purchase of marijuana and marijuana products from the SUBJECT ESTABLISHMENT. Detective Crites enters the SUBJECT ESTABLISHMENT and asks the unknown female for something to help him sleep. The unknown female says "That will and these will" but the covert device does not capture what the unknown female pointed out to Detective Crites. As the controlled purchase continued, Detective Crites asked about the "gummies" and also asked if the unknown female would recommend the "gummies". The unknown female followed up by saying "Unless you are a smoker, then these right here" or words to that effect. Detective Crites eventually purchased a "Northern Light Moon Rock" blunt and Chocolate bar containing "mushrooms". Once the controlled purchase was completed, Detective Crites departed the SUBJECT ESTABLISHMENT and met with Sergeant Barrera at a predesignated location. Detective Crites provided Sergeant Barrera with the purchased items from the SUBJECT ESTABLISHMENT. Sergeant Barrera went back to the Onslow County Sheriff's Office, where the items were processed. Sergeant Barrera utilized a presumptive field test kit to conduct a presumptive field test on the "flower", which resembled marijuana. The presumptive field test revealed a negative result. All the items were on display for the general public to purchase.

19.    On April 1st, 2024, Detective Reader went to the SUBJECT ESTABLISHMENT and discovered the SUBJECT ESTABLISHMENT was selling "Dozo" – THC vapor products, which is included in paragraph 17, item "h", and that has been sent to the laboratory and confirmed the "Dozo" – THC vapor products containing a THC concentration above a 0.3%.

20.

_____
Judge / Magistrate

_4-2-24_____
Date

_____
Sergeant Barrera, A.J.

_4/7/24_____
Date

## CONCLUSION

21.     Based on the evidence noted above, there is probable cause to believe FAWAH SALEH, and the unknown female have actively engaged in the commission of violations of North Carolina General Statute 90-95, Selling marijuana. For the reasons stated above, I believe that the SUBJECT ESTABLISHMENT may contain evidence, drugs, scales, packaging materials, firearms, US currency, and other fruits and instrumentalities that helped facilitate the execution of the mentioned crimes. On the date of execution, law enforcement officers will enter the SUBJECT ESTABLISHMENT to observe if the establishment is selling any marijuana "flower" or aforementioned products found to be illicit marijuana products. If the products are present in plain view from the publicly accessible area, Detectives will execute the search warrant on the SUBJECT ESTABLISHMENT. If no illicit products are observed, detectives will return the search warrant unserved.

22.     Therefore, your affiant respectfully requests that this Court issue an anticipatory search warrant for the SUBJECT ESTABLISHMENT in violation of NCGS 90-95.

_____
Judge / Magistrate

2-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/1/24
_____
Date

# ATTACHMENT A

## 393 HUBERT BLVD, HUBERT NC 28539



The SUBJECT ESTABLISHMENT is described as a business in a strip mall adjacent to "Coastal Tan" and "Laundry & Dry Cleaning". The SUBJECT ESTABLISHMENT is a white brick-built building with a "TOBACCO" sign affixed to the roof of the SUBJECT ESTABLISHMENT. The area to be searched includes the entirety of the establishment including all cash registers, lock-boxes, safes, and filing cabinets.

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/2/24
_____
Date

### ATTACHMENT B
#### Property to be Searched And/Or Seized

This warrant authorizes (i) the search of the property identified in Attachment A for only the following and (ii) authorizes the seizure of the items listed below only to the extent they constitute the following:

(a)     evidence of violations NCGS 90-95 ("subject violations"); or

(b)     any item constituting contraband due to the subject violations, fruits of the subject violations, or other items possessed whose possession is illegal due to the subject violations; or

(c)     any property designed for use, intended for use, or used in committing any subject violations.

Subject to the foregoing, the items authorized to be seized include the following:

1.     Paraphernalia used in the manufacture, preparation, packaging, or weighing of illegal narcotics in preparation for distribution, to include, scales, plastic bags, gel caps, vials, cutting agents, and kilogram wrappers;

2.     Currency or currency equivalents;

3.     Records of narcotics transactions including, but not limited to, books, ledgers, receipts, notes, pay and owe sheets, and other papers relating to the manufacture, transportation, possession, and distribution of controlled substances or the receipt and disposition of proceeds derived from the sale of illegal narcotics;

4.     Financial records and other records or documents reflecting narcotics-trafficking activity or the disposition of narcotics proceeds, including, but not limited to, currency; financial instruments; stocks; bonds; jewelry; precious metals; bank checks; cashier's checks and receipts for such checks; Western Union receipts; money orders; money order receipts; credit cards; credit card records; pre-paid credit cards; green dot cards and documents relating thereto; vehicle registrations; real estate records; income tax returns and any documentation relating to the payment of any income tax; mail and contract mail carrier records; documentation and receipts relating to any safe deposit boxes and keys to safe deposit boxes; documentation and receipts relating to any storage facilities and keys to those storage facilities; devices capable of counting large sums of currency; other items of value or proceeds derived from the sale of illegal narcotics; and any other documents or evidence of financial

_____
Judge / Magistrate

4-2-24
_____
Date

_____
Sergeant Barrera, A.J.

4/2/24
_____
Date

transactions involving the receipt and disposition of the proceeds of illegal narcotics sales;

5.      Records that identify other co-conspirators, including, but not limited to: address books; telephone books; rolodexes; telephone bills and records; telephones/cellphones and the numbers and other data stored within those telephones; pagers and personal digital assistants, and the numbers stored inside those devices; devices capable of recording incoming telephone numbers, and the numbers stored within those devices; records of telephone calls, whether recorded electronically or in writing; notes reflecting telephone and pager numbers, or papers which reflect names, addresses, and telephone numbers of suspected co-conspirators; photographs (to include still photos, negatives, movies, slides, video tapes, and undeveloped film); and audiotape recordings of conversations, including those made over telephone answering machines;

6.      Documents or other records relating to state court proceedings involving other co-conspirators, including, but not limited to, charging documents and bail records;

7.      Identification documents;

8.      Records of travel including, but not limited to, tickets, transportation schedules, passports, automobile rental records, notes and receipts related to travel, and motel/hotel receipts;

9.      Indicia of occupancy, residency, rental, control, and/or ownership of the premises, including keys, photographs, deeds, mortgages, lease agreements, rental receipts, canceled checks, utility, cable, and telephone bills, titles, registration documents, and other documents;

10.     Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, file cabinets and other types of containers, whether locked or unlocked; hidden compartments that may contain any of the foregoing; and the contents thereof;

11.     Cellphones and related records and equipment; and

12.     Firearms, ammunition, other dangerous weapons, and related records and equipment.

_____
Judge / Magistrate

_4-2-24_____
Date

_____
Sergeant Barrera, A.J.

_4/2/24_____
Date

# STATE OF NORTH CAROLINA

Onslow _____ County

File No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

## IN THE MATTER OF:

Name
Hobert Tabucco
393 Hubert blvd Hobert NC

## INVENTORY OF ITEMS SEIZED
## PURSUANT TO SEARCH

G.S. 15A-223, -254, -257

I, the undersigned officer, executed a search of:

Person, Premises Or Vehicle Searched

393 Hobert blvd Hobert NC

Date Of Search

This search was made pursuant to

☒ 1. a search warrant issued by: _Magistrate Riggs_

☐ 2. consent to search given by: _____

☐ 3. other legal justification for the search: _____

The following items were seized:

Bulk Marijuana
Pre Rolls - 1071.8 Grams
Vapes 935.5 grams
Gummies 163 grams
Cash Drawer $ 1296
3 Large LV Bags
9 Small LV Bags
1 Marvel Hookah Cover
1 Cartoon Network Tray kit
4 Disney rolling Trays
27 Marvel Silicone pipes
5 Starbucks Silicone pipes
6 Disney Silicone pipes
100 Dragon Ball Z Empty Mylar bags
1 Simpson empty Mylar bags
61 Sega empty mylar bags.

Original - File
Copy - For Search by Warrant of a Person, to Person from Whom Items Taken
Copy - For Search by Warrant of Vehicle/Premises, to Owner or Person in Apparent Control; if No Such Person Present, Leave Copy Affixed Thereon
Copies - For Search by Consent, to Person Giving Consent and Owner of Vehicle/Premises Searched, if Known

(Over)

AOC-CR-206, Rev. 3/16
© 2016 Administrative Office of the Courts

Items Seized Continued:

☑ 1. I left a copy of this inventory with the person named below, who is:

☐ a. the owner of the premises searched.

☐ b. the owner of the vehicle searched.

☑ c. the person in apparent control of the premises searched.

☐ d. the person in apparent control of the vehicle searched.

☐ e. the person from whom the items were taken.

☐ 2. As no person was present, I left a copy of this inventory:

☐ a. in the premises searched, identified on the reverse.

☐ b. in the vehicle searched, identified on the reverse.

Name And Address Of Person To Whom A Copy Of This Inventory Was Delivered, If Any

The law enforcement agency identified below will hold the seized property subject to court order.

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Name Of Law Enforcement Officer (type or print) |
| --- | --- |
| | G. Zimmer |
| Date 4-8-24 | Name (type or print) ASHCRAFT | Signature Of Law Enforcement Officer |
| ☐ Notary | Signature | Title Of Law Enforcement Officer Detective |
| SEAL | Date My Commission Expires | Name And Address Of Agency Onslow County Sheriff's Office 717 Court St Jax NC |
| | County Where Notarized | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court  ☐ Magistrate | |

**ACKNOWLEDGMENT OF RECEIPT**

I, the undersigned, received a copy of this inventory.

| Date | Signature Of Person Receiving Inventory |
| --- | --- |

AOC-CR-206, Side Two, Rev. 3/16
© 2016 Administrative Office of the Courts