IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-01101-M-RJ

SHELLY CHAMBERS, Administrator of the
Estate of MUAMMER SALEH, and
HUBERT TOBACCO INC,

        Plaintiffs,

v.

CHRISTOPHER THOMAS, officially, as the
Sheriff of Onslow County and in his individual
Capacity; THE OHIO CASUALTY INSURANCE
COMPANY as surety for the Sheriff of Onslow
County; Lt. JAY FLOYD
in his individual and official capacity; and
Sgt. RUBIN JIMENEZ in his individual and
official capacity,

        Defendants.

**PROTECTIVE ORDER FOR
NORTH CAROLINA
STATE BUREAU OF
INVESTIGATION FILE**

Plaintiffs and Defendants (collectively, the "Parties"), and the North Carolina State Bureau of Investigation (the "SBI") stipulate to the entry of this Protective Order allowing release of the SBI Report, File No. 2024-01050, regarding the SBI investigation into Operation Vapor Trail, which is the subject of this lawsuit.

1. The Parties seek the release of the SBI investigation report in this matter for the Parties' use in the lawsuit.

2. The SBI report, referred to in the pleadings, appears material and relevant to the subject matter involved in this matter.

3. Definitions.

a.	SBI Report refers to any and all documents and materials contained in SBI File No. 2024-01050, and any photographs or video taken in conjunction with the investigation.

b.	Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

c.	Parties mean the Plaintiffs and Defendants in this action.

4.	Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the Parties in response to the Parties' request for the following reasons:

a.	No policy reason exists for denial of the request of Plaintiffs for production of these materials.

b.	There is no prejudice to the SBI by releasing this material.

c.	There are no identities of persons contained in the materials which need to be protected; and

d.	Any criminal investigation which might have been the subject of this file has been concluded.

5.	Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used ***for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.***

6.	Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to the following qualified persons/entities:

a. The Parties and attorneys of record for the Parties and any associated counsel, and their legal assistants, paralegals, other staff members and employees, and law student clerks; insurers, their agents and employees; any employees and any representatives of any insurance company involved in this case either directly or as an insurer of one or more of the Defendants; outside companies engaged by attorneys for the Parties to photocopy such documents; officers, managers, owners or employees of the Parties who provide material assistance in the legal representation of the Parties; in-house counsel for any party and their legal assistants, paralegals, legal assistants, other staff members and employees, and law student clerks.

b. A deponent and/or witness in the action (during a deposition and/or trial or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Independent expert witnesses, who are not a party to this litigation, who have been specially employed or retained to assist in this litigation;

f. Court reporters, their transcribers, assistants and employees;

g. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit any or all of the SBI file to elicit testimony relevant to the matters at issue in this case;

h. The presiding Judge or Magistrate Judge at any motions or the trial of this matter, as well as their law clerks and court staff;

3

i.  The jury (upon being sworn in); and

j.  Any other person who is designated as a Qualified Person/Entity by agreement by the Parties and the SBI, through counsel, or by Order of the Court, after notice to all Parties.

7.  In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

8.  In addition, the above individuals and entities that are permitted access to the SBI Report materials and information shall only use the materials and information for purposes of this litigation.

9.  Counsel may make copies of material contained within the SBI Report for Plaintiff's or Defendants' experts upon receiving from said experts *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments (form attached as Exhibit A) shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

4

10. Counsel may make copies of material contained within the SBI Report for any party to this lawsuit who has not signed this Consent Protective Order at the initial time but who later executes a written agreement that he/she/it will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having the party, or a representative or attorney of the party, read, acknowledge, and agree in writing to be bound by this Protective Order. A copy of such acknowledgement shall be provided to counsel for the Parties and counsel for the SBI. By signing the declaration agreeing to be bound by this Protective Order, the party submits himself/herself/itself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

11. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents and materials in the SBI Report, or any other document, material, information, or testimony, in this action or any other action.

12. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

13. Counsel for the Parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made. This paragraph does not apply to the Judge, Magistrate Judge, their law clerks, or the jury. However, materials or information from the SBI file that are filed with the Court are governed by later paragraphs of this Protective Order.

5

14. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

15. This Consent Protective Order shall not preclude a party from offering the SBI report or any portion of it into evidence at the Trial of this case. As further set forth in the following paragraphs, all objections to the admissibility of such materials and information are reserved and, if asserted, will be ruled upon by the Court at the appropriate time.

16. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the Parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action. The Parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

17. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

18. Within sixty (60) days after the final disposition of this action, including the conclusion of any and all appeals, the Parties shall return all original and copies of the SBI Report to counsel for the SBI, or the Parties shall destroy the original and copies of the SBI report and certify having done so, if so requested. Notwithstanding the preceding sentences of this paragraph, counsel for each party may retain a complete copy of the counsel's file, including correspondence, pleadings, exhibits and any other file materials that reference or summarize the

6

SBI report and including one copy of the SBI report, in order to comply with all rules of that counsel's malpractice insurance carrier and all rules of the North Carolina State Bar with regard to file retention. This Consent Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that were used as exhibits for the Court (unless such exhibits were filed under seal) and (b) a party may seek the written permission of the other parties and the SBI or further order of this Court with respect to the dissolution or modification of this Order.

19.     This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**So Ordered:**

_____          _____
                                                                            Date

7

**AGREED TO BY:**


/s/ Bryan Nichols
Bryan Nichols
North Carolina Bar No.42008
**N.C. State Bureau of Investigation**
3320 Garner Road
Raleigh, NC 27610
Telephone: (919) 662-4500
Facsimile: (919) 662-4523

*Attorney for North Carolina State Bureau of Investigation*


/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel (NCSB #: 56863)
schewel@tinfulton.com
Zachary Ezor (NCSB#: 55070)
zezor@tinfulton.com
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

*Attorneys for Plaintiffs*


/s/ *Erin H. Epley*
James R. Morgan, Jr., N.C. State Bar No. 12496
Sonny S. Haynes, N.C. State Bar No. 41303
Erin H. Epley, N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3600
Facsimile:  (336) 721-3660
E-mail:  Jim.Morgan@wbd-us.com
E-mail:  Sonny.Haynes@wbd-us.com
E-mail:  Erin.Epley@wbd-us.com

Andreas J. Mosby, N.C. State Bar No. 53134
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2100

Email: Andreas.Mosby@wbd-us.com

*Attorneys for Defendants*

# EXHIBIT A

## ACKNOWLDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order for State Bureau of Investigation Report in the case of *Shelly Chamberts, et al, v. Christopher Thomas, et al*, Case No. 7:24-CV-1101, United States District Court, Eastern District of North Carolina.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions from the Court.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the Protective Order in relation with my involvement with the above case.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of North Carolina, for the purpose of enforcing the terms of this Consent Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____

10